IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 97-41502
Summary Calendar

CLARENCE A. NUGENT, JR.,

Petitioner-Appellant,

versus

N. LEE CONNER,

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
(5:97-CV-249)

June 26, 1998

Before JOHNSON, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Clarence A. Nugent, Jr., federal inmate #08922-035, appeals
the denial of his petition for writ of habeas corpus. In his
petition, Nugent challenged the decision by the U.S. Bureau of
Prisons (BOP) to deny consideration of early release pursuant to 18
U.S.C. § 3621(e)(2)(B). Additionally, for the first time on
appeal, Nugent contends that the application of an amended BOP
regulation violates the Ex Post Facto Clause.

In reviewing habeas petitions, this court reviews the district
court's determinations of law de novo and its findings of fact for

---

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th CIR. R. 47.5.4.

clear error.  <u>Venegas v. Henman</u>, 126 F.3d 760, 761 (5th Cir. 1997).

Nugent challenges the BOP's denial of consideration for his early release, contending that the BOP failed to follow the governing statutes and regulations.  Specifically, Nugent argues that the BOP impermissibly excluded an inmate convicted under 18 U.S.C. § 924(c)(1) from early release consideration under 19 U.S.C. § 3621(e)(2)(B).  Our review of the controlling authorities and and the appellate record confirms that the district court did not err in denying habeas relief.  <u>See</u> <u>Venegas</u>, 126 F.3d at 765.

Nugent also argues that a violation of the <u>Ex</u> <u>Post</u> <u>Facto</u> Clause resulted from the use of 28 C.F.R. § 550.58, as amended, in response to his request for early release.  Because Nugent did not raise the issue in the district court, the scope of our review is limited to plain error.  The district court did not plainly err in determining that the BOP properly exercised its discretion in its promulgation and application of § 550.58.  <u>See</u> <u>Wottlin v. Fleming</u>, 136 F.3d 1032, 1037-38 (5th Cir. 1998).

AFFIRMED.